■ In the Matter of the Claim of HARLEY W. GREGG, Respondent, v. DALLAS & MAVIS FORWARDING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board filed January 2, 1968 awarding benefits to the claimant. The appellants contend that as a matter of law the board could not find an employer-employee relationship upon the present record. The claimant was the operator of a tractor-trailer truck at the time of the accident. The proper title to the units was in claimant's stepfather, Harry R. Geitter. The board found that claimant was in the process of buying the tractor-trailer from Geitter. Upon the present record it would appear that claimant was an equitable owner of the vehicle, the financing agreement for the truck having Geitter listed as a cosigner. On May 2, 1966 the claimant as the agent of Geitter signed a lease agreement with the appellant employer. Pursuant to the agreement, the lessor would haul freight for the lessee and would receive a percentage of the amount paid to the lessee for such hauling. The lease provided that the lessor was an independent contractor and that the driver of the units would not be an employee of the lessee. However, the appellants concede that this declaration of status is not controlling and is merely evidence of the intention of the parties. The appellants first contend that since the lessor was Geitter, the legal owner of the vehicle, the lessee could not be the employer of claimant and cite *Matter of Williams* v. *Solomon* (13

A D 2d 159). The *Williams* case is not controlling since the only issue before the court was whether or not the board *could* find the lessor to be the sole employer. *Matter of Williams* v. *Solomon* (*supra*) does not stand for the proposition that a lessee cannot be the employer of the drivers of the lessor as a matter of law. As noted in *Matter of Smith* v. *Refrigerated Food Express* (27 A D 2d 601) the issue of employer-employee relationship is generally one of fact for the board. (See also, *Matter of Palmer* v. *American Freightways Co.*, 31 A D 2d 850.) While there is evidence upon the present record which would support a finding of independent contractor, there was evidence showing sufficient control exercised over the operator of the tractor-trailer by the lessee. This court cannot say that the record established an independent contractor relationship as a matter of law and thereby precluded a question of fact for the board. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Herlihy, J.